Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

# UNITED STATES DISTRICT COURT

FEB 1 4 2022

for the

EASTERN District of ARKANSAS

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

_____ Division

Raymond Kelley
_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

CHAD PRUETT, Terry Roper
Faulkner County Sheriffs office
_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4:22CV141-KGB
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

This case assigned to District Judge Baker
and to Magistrate Judge Volpe

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name     Raymond Kelley
Address     41 Friendship Road
            Conway        Arll,        72032
                    *City*          *State*        *Zip Code*
County     Faulkner County
Telephone Number     501- 269- 1803
E-Mail Address     rkelley@cyberback.com

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
    Name     Chad Prevett
    Job or Title *(if known)*     Sergant  Badge No. F8
    Address
                    *City*          *State*        *Zip Code*
    County     Faulkner County
    Telephone Number
    E-Mail Address *(if known)*

    ☒ Individual capacity    ☒ Official capacity

Defendant No. 2
    Name     Terry Roper
    Job or Title *(if known)*     Deputy
    Address
                    *City*          *State*        *Zip Code*
    County     Faulkner County
    Telephone Number
    E-Mail Address *(if known)*

    ☒ Individual capacity    ☒ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

    Name

    Job or Title *(if known)*

    Address

| | City | State | Zip Code |
|---|---|---|---|

    County

    Telephone Number

    E-Mail Address *(if known)*

    ☐ Individual capacity    ☐ Official capacity

Defendant No. 4

    Name

    Job or Title *(if known)*

    Address

| | City | State | Zip Code |
|---|---|---|---|

    County

    Telephone Number

    E-Mail Address *(if known)*

    ☐ Individual capacity    ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

UNLAWFUL DetentIon, EXcessive use of force, Racial profiling, False Arrest

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

UNLAWFUL DETENTION, EXCESSIVE USE OF force False Arrest, and racial profiling

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

41 Friendship Road
Conway, Ark 72032        On my property.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

12/25/2019
Approximately 4:15 A.m.

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I was smoking turkeys on my Grill christmas morning drove down to mail box to get mail, turned around to come back up driveway and closed off Look at mail and Listening to music. Pictures are available.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Contusion of right elbow
Contusion of Left Knee
multiple abrasions

Had to take medications
NAproxen
TramAdol

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Attorney fees — $2500.00   — 2028.00
Medical  fees - 2028.00.
Loss wages   —   30,000.00
Compensation damages — $75,000
Punitive damages $250,000
General damages — $50,000
Special damages

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   _12-24-2021_

Signature of Plaintiff   _Raymond Kelley_

Printed Name of Plaintiff   _Raymond Kelley_

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____

_____

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number   _____

E-mail Address   _____

FILE MARKED

SEP 2 3 2020

REGINALD PREVOE, D.C.

## IN THE DISTRICT COURT OF FAULKNER COUNTY, ARKANSAS
### CONWAY DIVISION

**STATE OF ARKANSAS**                                    **PLAINTIFF**

**VS.**                          **CASE NO. CWS-20-43**

**RAYMOND KELLEY**                                   **· DEFENDANT**

### AGREED ORDER

On this day, undersigned counsel for the State of Arkansas and the Defendant, Raymond

Kelley, presented an agreed disposition to the court. Upon a finding of good cause, the Court

makes the following order:

1. This charges in this matter shall be dismissed six (6) months from today with any

   fines or court costs suspended.

**IT IS SO ORDERED.**

_____
HON. CHRIS CARNAHAN

9-23-20
DATE

Prepared by:

_____
Caitlin E. Bennett (2019075)
James Law Firm, Defense Counsel

Approved by:

_____
Cody Arnold
Deputy Prosecuting Attorney

# *State v. Raymond Kelley*

## CONWAY DISTRICT COURT
## CWS-20-43
## DISCOVERY

| Page | Summary |
|------|---------|
| 1-4 | Incident Report by SGT. PRUETT on 12/25/19 |

2    On 12/25/19, SGT. PRUETT saw a white Ford van sitting at the end of a driveway at 41 Friendship Rd. with lights on and the engine running. SGT. PRUETT checked on the van because the tag did not return to 41 Friendship Rd. SGT. PRUETT approached the vehicle and heard the engine racing. He observed a black male slumped over in the driver's seat passed out.

SGT. PRUETT banged on the window to get the driver's attention. Once the driver awakened, SGT. PRUETT noticed an open beer can in the console and could smell the odor of intoxicants from inside the vehicle. SGT. PRUETT ran KELLEY's information and was informed that KELLEY had a DUI traffic and a warrant out of Conway County.

**KELLEY stated:**

- He was on his own property, he only had one beer, it was Christmas, and SGT. PRUETT needed to leave him alone.

SGT. PRUETT asked **KELLEY** to step out of the vehicle and he refused. Dispatch was notified that **KELLEY** was not following commands and another unit was requested. SGT. PRUETT asked **KELLEY** to step out of the vehicle again and **KELLEY** did so but continued to be argumentative.

SGT. PRUETT searched **KELLEY** for weapons and then had him sit on a rock wall by the vehicle. **KELLEY** was not detained in handcuffs because he would resist due to his body language, level of intoxication, and demeanor. SGT. PRUETT looked inside the van and saw several empty beer cans in between the front seats. **KELLEY** then stood up and asked to call his wife.

SGT. PRUETT told him to sit and that he could not call his wife. **KELLEY** then stood up and tried to run up the driveway toward "his" residence. SGT. PRUETT conducted a take down of **KELLEY** and gained control of his wrist. **KELLEY** began to fight as SGT. PRUETT told him to stop resisting and submit. SGT. PRUETT's BWC was dislodged and his radio microphone became entangled.

Since another unit was on the way, SGT. PRUETT did not fight with **KELLEY** to not risk in harming him. Instead he controlled **KELLY**'s wrist and kept his body weight on top of him until DEP. ROPER arrived. SGT. PRUETT released one of **KELLEY**'s wrists to DEP. ROPER and **KELLEY** began to fight again.

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

**Page**          **Summary**

SGT. PRUETT utilized an arm bar to get **KELLEY**'s arm behind his back. He then applied handcuffs. DEP. ROPER requested MEMS due to **KELLEY** complaining about his arm hurting. After SGT. PRUETT got onto his feet he reattached his BWC to his uniform. SGT. PRUETT received minor cuts on his knees due to the altercation.

**KELLEY** continued to be "belligerent" and argue that he was on his property. MEMS arrived and treated **KELLEY** while SGT. PRUETT searched the van. SGT. PRUETT located multiple open containers and an ice chest filled with beer and ice. Photos of the alcohol were taken and a video of the incident was captured on SGT. PRUETT's BWC. **KELLEY** refused transport by MEMS.

SGT. PRUETT cited **KELLEY** for Public Intox. and Failure to Submit and requested him to sign his ticket. **KELLEY** began cursing and refused to sign the ticket. SGT. PRUETT placed him in handcuffs and told **KELLEY** he could sign the ticket or go to jail. KAREN KELLEY was on scene at the time and defused **KELLEY** enough for him to sign the ticket. He was released into her care.

4          Supplemental Report by DEP. ROPER on 12/25/19

On, 12/25/19, DEP. ROPER went to assist SGT. PRUETT with a welfare check on Friendship Rd. SGT. PRUETT stated that **KELLEY** was fighting when DEP. ROPER was in route. DEP. ROPER arrived on scene and observed SGT. PRUETT on top of **KELLEY** about 15 feet west of the van. **KELLEY** was actively resisting.

DEP. ROPER took **KELLEY**'s right arm to gain control and applied a wrist and elbow lock so SGT. PRUETT could apply handcuffs. Once the handcuffs were on, DEP. ROPER immediately called MEMS to the scene to check on **KELLEY**. DEP. ROPER placed **KELLEY** in a sitting position. DEP. ROPER believed that **KELLEY** hurt his right arm from the altercation.

**KELLEY** was angry and kept repeating that he was on his own land and that SGT. PRUETT could not do this to him. When MEMS arrived, DEP. ROPER escorted **KELLEY** to the ambulance. **KELLEY** refused transport by MEMS and opted to have KAREN drive him to the emergency room. **KELLEY** was "belligerent" and he continued to have a problem with SGT. PRUETT.

5-7          **DFA Record**

8          **AR Citation on 12/25/19 by SGT. PRUETT**

9-16          **Photographs**

*Work Product of JLF*          2          CRP 07/30/2020

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

| Page | Summary |
|------|---------|
| 17 | Orders/Motions |
| 18 | Cover Sheet |
|  | [Disc] |

# *State v. Raymond Kelley*

### CONWAY DISTRICT COURT
### CWS-20-43
### WITNESS LIST

<u>Synopsis</u>

On 12/25/19, **KELLEY** is being accused of Public Intoxication and Resisting Arrest. **KELLEY** was observed asleep in a van with the lights on and the engine running, parked in his driveway. SGT. PRUETT walked up to the van to investigate and it sounded as if **KELLEY**'s foot was pressed down on the accelerator. **KELLEY** told SGT. PRUETT that he only had 1 can of beer in the van. When SGT. PRUETT looked in the van, **KELLEY** began to run. **KELLEY** was cited.

| <u>Name</u> | | <u>Summary</u> |
|---|---|---|
| **RAYMOND KELLEY** | - | Defendant |
| | - | Contact Info: 41 Friendship Rd. Conway, AR 72032; (501) 269-1803 |
| | - | Observed by SGT. PRUETT to have fallen asleep in his van parked in the driveway with his foot on the accelerator. A can of beer was observed in the front console when **KELLEY** opened the door. (Body Cam 12/25/19, 0:00-0:30) |
| | - | **KELLEY** told SGT. PRUETT that only 1 can of beer was in the vehicle but SGT. PRUETT found multiple. (Body Cam 12/25/19, 2:30; 9:30) |
| | - | **KELLEY** refused to step out the vehicle but finally did. **KELLEY** took off running when SGT. PRUETT was looking in the van. (Body Cam 12/25/19, 6:00-7:00; 11:00) |
| | - | **KELLEY**'s arm was hurt when DEP. ROPER and SGT. PRUETT were putting hand cuffs on him. (Body Cam 12/25/19, 13:30; 36:30) |
| | - | **KELLEY** was cited and released into the care of KAREN. (Body Cam 12/25/19, 40:30) |

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

**Name**                    **Summary**

**KAREN KELLEY**        -    Witness

                        -    Wife to **KELLEY**.

                        -    Contact Info: 41 Friendship Rd. Conway, AR 72032

                        -    Came down the driveway and spoke with SGT. PRUETT
                             35 minutes into the arrival of police. (Body Cam 12/25/19,
                             35:00)

                        -    Told SGT. PRUETT that **KELLEY** was checking his
                             mailbox. (Body Cam 12/25/20, 35:00)

                        -    She calmed **KELLEY** down and got him to sign the ticket
                             to which **KELLEY** was then released into her care. (Body
                             Cam 12/25/20, 39:30-41:00)

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

<u>**Name**</u>                              <u>**Summary**</u>

# OFFICERS

**SGT. PRUETT**          -          Faulkner Co. Sheriffs Office

                               -          First on scene. He stopped to check on a white van that was parked at the edge of a driveway with the engine and lights on. (Body Cam 12/25/19, 0:00)

                               -          Observed **KELLEY** asleep and saw a beer can in the front console. He asked **KELLEY** to step out of the vehicle to which he then patted him down for weapons. (Body Cam 12/25/19, 0:00-8:30)

                               -          Searched **KELLEY**'s van and found empty beer cans in the front console as well as cases of beer in the back of the van and some cans in the ice chest. (Body Cam 12/25/19, 9:30; 17:30-20:00)

                               -          Cited KELLEY and released him into the care of KAREN. (Body Cam 12/25/19, 40:30)

**DEP. ROPER**           -          Faulkner Co. Sheriffs Office

                               -          Arrived on scene and immediately assisted SGT. PRUETT with placing handcuffs on **KELLEY**. (Body Cam 12/25/19, 17:30-20:00)

                               -          Searched **KELLEY**'s van with SGT. PRUETT. (Body Cam 12/25/19, 17:30)

*Work Product of JLF*                    3                    CRP 07/31/2020

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

### BODY CAM by SGT. PRUETT on 12/25/19

| Time | Summary |
|------|---------|
| 0:00 | [Audio/Video Begins] |

[A white van is parked in a driveway with the lights on and the engine running. It sounds like a foot is on the accelerator. SGT. PRUETT bangs on the window. KELLEY opens the door.]

0:30    KELLEY: How are you doing?

SGT. PRUETT: Pretty good. Do you know where you are?

KELLEY: Yes I am at home.

SGT. PRUETT: What is the address?

KELLEY: 41 Friendship Rd.

SGT. PRUETT: What are you doing sitting here asleep with your foot on the gas?

KELLEY: Inaudible.

SGT. PRUETT: Are you alright? I see you have an open beer in the front seat.

1:00    KELLEY: I am just getting in.

SGT. PRUETT: Getting in from where? I realize that you are at home but you have an open beer in the front console and you passed out asleep in your driveway. How much have you had to drink?

1:30    SGT. PRUETT: Do you have your driver's license handy?

KELLEY: I do. I live here.

[KELLEY hands SGT. PRUETT his Driver's license.]

2:00    SGT. PRUETT: Do you know what time it is?

KELLEY: It is morning.

SGT. PRUETT: If you had to guess, how many have you had to drink tonight?

KELLEY: I was on my way into the house.

*Work Product of JLF*                                    1                                    CRP 07/30/2020

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

| Time | Summary |
|------|---------|

SGT. PRUETT: That is not what I asked you.

**KELLEY**: Sir, I don't know.

SGT. PRUETT: Besides the 1 in the front console is there anymore in the truck?

2:30   **KELLEY**: No, this is the only beer that I have. Sir I know your job is to protect and serve but I am at home.

SGT. PRUETT: You are at home but how many did you have before you got here? That is my problem.

**KELLEY**: I am going to pull straight on in.

SGT. PRUETT: You are lucky that you didn't blow your car up since you were sitting there with the accelerator down to the floor. There is no telling how long you have been there.

**KELLEY**: Oh I just pulled in.

3:00   [SGT. PRUETT checks **KELLY**'s information through Dispatch.]

4:00   [Dispatch stated that **KELLEY** has one warrant in Conway Co.]

4:30   SGT. PRUETT: **KELLY**, you have been in trouble for DWI before?

**KELLEY**: Yes I have.

SGT. PRUETT: So you know better. You know where I am going with this.

**KELLEY**: Yes I understand.

5:00   SGT. PRUETT: I understand you are at home and I am glad that you got here safely but what worries me is how many times that you do this and how you got here tonight. I don't know if that is your only beer. I just met you so I don't know if you are feeding me a lie or if you had just 1. My suspicion tells me to get you out and do field sobriety and check the car to see if there is anymore alcohol.

**KELLEY**: Sir I am at home.

SGT. PRUETT: That is irrelevant.

5:30   **KELLY**: I am in my driveway and it is Christmas morning.

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

| Time | Summary |
|------|---------|

SGT. PRUETT: That is not a free pass to get on the road and drink and drive.

KELLEY: I am not on the road. I am in my driveway.

SGT. PRUETT: You are behind the wheel of this vehicle and in actual, physical control of the vehicle. If you want to sit here and argue with me we can go the whole 9 yards with it, if that is what you want to do.

KELLEY: I am not arguing sir.

6:00    SGT. PRUETT: Ok, go ahead and step out of the van.

KELLEY: I know your job is to protect and serve.

SGT. PRUETT: Step out of the car.

[KELLEY won't step out of the van.]

KELLEY: Step out of the car for what? I am in my yard.

6:30    SGT. PRUETT: I will not ask you again. Step out of the car.

KELLEY: For what?

[SGT. PRUETT to Dispatch: I have one resisting.]

[DEP. ROPER: I am almost there.]

7:00    [KELLEY gets out of the van.]

KELLEY: I am in my yard sir.

SGT. PRUETT: Take 2 steps over here. Get your hands out of your pocket. You're in actual, physical control of the vehicle and you're under the influence of alcohol.

7:30    KELLEY: I am not on a street, I am in my yard. I was going to my house.

SGT. PRUETT: Ok what you did was pass out behind the wheel drunk. Whether you are on your own property or not, you are right here at the edge of the road. Are you telling me that you backed down the driveway and are having a little party at the end of the driveway?

KELLEY: No.

*Work Product of JLF*                    3                    CRP 07/30/2020

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

| Time | Summary |
| --- | --- |

SGT. PRUETT: I am not stupid enough to believe that. What I want to do is check and make sure that the one can of beer is the only open container that you have in the vehicle and then I am probably going to let you go on about your way.

**8:00**  SGT. PPRUETT: But the more that you make it about me trying to be hard on you, that is not what this is about. You have had more than 1 DWI and it has not sunk into your head to not drink and drive on the highway.

KELLEY: When is the last time that I had a DWI?

SGT. PRUETT: 2012 I believe.

KELLEY: That is 7 or 8 years ago, 9 years ago.

**8:30**  SGT. PRUETT: So if you got out here tonight and killed someone -

KELLEY: I am at home. How can I kill someone heading home?

SGT. PRUETT: Heading home from wherever you were, drinking and driving. That is how you kill someone. Get your hands out of your pockets or you can be handcuffed. Turn around and put your hands up on the van.

KELLEY: Tell me how - I am at home now. I don't have a weapon.

SGT. PRUETT: Ok well I don't know that.

[SGT. PRUETT begins to pat **KELLEY** down.]

**9:00**  SGT. PRUETT: I don't know you. What I do know is that you are arguing with me about everything that I have asked you.

KELLEY: I have a pocket knife but that is what I use to work with.

SGT, PRUETT: Ok. Now that I'm satisfied that you don't have a weapon, you can take 2 steps over there. I am going to look in your van. Have a seat on that rock. Take your hands out of your pockets, you told me you have a knife on you.

KELLEY: It is just a pocket knife sir.

**9:30**  SGT. PRUETT: Ok but pocket knifes cut people. I don't want to get stabbed in the back while I am taking a look in your van right here.

KELLEY: It isn't for that sir.

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

| Time | Summary |
|---|---|

SGT. PRUETT: Ok, I can appreciate that but I don't know you.

[SGT. PRUETT begins to look in the van.]

SGT. PRUETT: I do know that you have lied to me, 4 beer cans is not 1.

10:00    SGT. PRUETT: Remember you told me that there was only 1 beer in there.

KELLEY: That is all I drunk, I save the cans and sell them. You can just say Merry Christmas go home.

10:30    SGT. PRUETT: So it's Christmas and I am supposed to give you a free pass to do what you want. Is that what you are telling me?

KELLEY: I haven't done nothing. I am in my driveway.

SGT. PRUETT: Ok. You and me both know that won't fly.

KELLEY: Can I get my phone.

[KELLEY begins to walk towards the van.]

11:00    SGT. PRUETT: KELLEY you are about to go to the ground. Matter of fact -

KELLEY: Sir let me call my wife.

SGT. PRUETT: Sit down. Do not get up again. Do you understand me.

SGT. PRUETT: Let me see your hands.

KELLEY: Let me call my wife.

SGT. PRUETT: No sir. Give me your hands.

KELLEY: Let me call my wife. Why are you stopping me in my driveway?

[KELLEY begins to run. SGT. PRUETT runs and takes him to the ground.]

11:30    [The video visual is obscured.]

KELLEY: Why are you stopping me in my driveway?

[SGT. PRUETT's hand covers the camera. The camera is then on the ground.]

*Work Product of JLF*          5          CRP 07/30/2020

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

| Time | Summary |
|------|---------|
| | SGT. PRUETT: You are under arrest is what you are. |
| | **KELLEY**: For what? |
| | SGT. PRUETT: Stop pushing back. |
| | **KELLEY**: What are you arresting me for? |
| 12:00 | **KELLEY**: I have turkeys on the grill. I am trying to check my food. Just come to the house and look. Let me up. What is wrong with you. I am checking my food. |
| | SGT. PRUETT: Give me your hand. Give me your hand behind your back. |
| | **KELLEY**: Are you crazy. |
| | SGT. PRUETT: You are about to get tased sir. |
| | **KELLEY**: Why are you jumping on me? |
| 12:30 | **KELLEY**: I want to call my wife. You are a redneck. Don't do this to me in my yard in front of my family. |
| 13:00 | **KELLEY**: Let me up. |
| | SGT. PRUETT: No. I told you what I was going to do. |
| | **KELLEY**: What were you going to do? |
| | SGT. PRUETT: I was going to shut your car off and let you go. |
| | **KELLEY**: You weren't going to do that. |
| | SGT. PRUETT: You are the one who ran off on me. |
| | **KELLEY**: I didn't run. I was trying to go check on my meat. Now let me call my wife. I have food on the grill up there. You are a redneck that is drunk. Let me up. |
| | SGT. PRUETT: Stop. You are making it worse than what it has to be. |
| | **KELLEY**: I'm not doing anything. |
| 13:30 | DEP. ROPER: Give me this hand sir. |
| | **KELLEY**: Nobody has done anything. |

*Work Product of JLF*                    6                    CRP 07/30/2020

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

| Time | Summary |
|------|---------|
| | DEP. ROPER: Give me this hand sir. |
| | **KELLEY**: You have broke my arm! Owe! |
| 14:00 | DEP. ROPER: Give it to me! |
| | **KELLEY**: You got it! |
| | DEP. ROPER: Now hold still. Don't move again. Shut up. |
| | **KELLEY**: I am not moving. I am 70 yrs old. |
| | DEP. ROPER: Hold still. Don't resist. Stop resisting. Check your gear and make sure it is on. |
| 14:30 | DEP. ROPER: Lay right there. I will get you medical attention in a minute. |
| | **KELLEY**: You hurt my arm. |
| | DEP. ROPER: I am going to roll you over to your butt. Sit right there. |
| | **KELLEY**: My arm hurt bad. You messed my arm up. |
| | DEP. ROPER to Dispatch: Go ahead and have MEMS come in. |
| 15:00 | **KELLEY**: My right arm is broke. |
| | DEP. ROPER: Whenever MEMS gets here, you talk to them. Now you don't need to talk. Sit right there. Hey don't get up. |
| | **KELLEY**: I have food on my grill. |
| 15:30 | DEP. ROPER: Right now you are under arrest. |
| | **KELLEY**: What for? |
| | SGT. PRUETT: For one, getting up and running away from me. |
| | **KELLEY**: I am trying to check my food and now my right arm is messed up. |
| 16:00 | DEP. ROPER: You try to get up one more time and I am going to put you down. Do you understand? Say "Yes Sir" if you understand. Don't try to get back up. |

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

| Time | Summary |
|---|---|
| 17:30 | [SGT. PRUETT and DEP. ROPER begin to search the van. Cans are found in the console in the front of the van.] |
| 19:00 | DEP. ROPER: What was he doing? |
| | SGT. PRUETT: Sitting here with his foot on the gas with him passed out asleep. I had him sitting on the rock while I was trying to see how many beer cans he had in the van. He got up and started running towards his house. I didn't have hand cuffs on him because I was trying to be nice. Then he wanted to act stupid. |
| 19:30 | [SGT. PRUETT pulls out the cans from the console to take a picture of them.] |
| 20:00 | [SGT. PRUETT and DET. ROPER check the back of the van and find cases of beer and an ice chest.] |
| 22:00 | SGT. PRUETT: Do you want me to explain everything to you or do you want to keep yelling? |
| | KELLEY: It doesn't matter. I have food on the grill for Christmas, I need to check it is at the house. |
| 22:30 | SGT. PRUETT: Ok where did you come from? |
| | KELLEY: I was checking my mailbox to see if I had any mail. |
| | SGT. PRUETT: So when I explained to you to sit there while I checked the van to see if you were lying to me about the beer cans, and that I was probably going to let you go in the house, why did you decide to go through all this? |
| 23:00 | KELLEY: Because I saw what kind of cop you were. Hey man can you get my elbow, can you help me. |
| | DEP. ROPER: Listen to me, just wait till the ambulance gets here. |
| | KELLEY: Why are they going through my van? They don't have a search warrant. |
| | SGT. PRUETT: I don't need a search warrant. I have probable cause that you were drinking and driving. |
| | KELLEY: I am in my driveway. |
| 23:30 | SGT. PRUETT: I've already explained it to you. |

*Work Product of JLF*                    8                    CRP 07/30/2020

| Time | Summary |
|------|---------|
| | **KELLEY**: I was in actual physical control in my driveway? |
| | SGT. PRUETT: Yes. |
| | **KELLEY**: Can you stand me up so I can get some relief on my elbow? |
| | DEP. ROPER: Here in just a minute when the ambulance comes. |
| 24:00 | [DEP. ROPER helps **KELLEY** up. There are multiple officers on scene.] |
| 24:30 | **KELLEY**: I don't need no ambulance. Can I call my wife? |
| 25:30 | OFFICER 1: Can you take the handcuffs off of him? What happened? |
| | SGT. PRUETT: He is drunk and he decided he didn't have to listen to me and tried to run off on me. |
| | **KELLEY**: I didn't try to run off on you. I was going to my grill. |
| | SGT. PRUETT: Do you want to go home or do you want to go to jail? |
| | **KELLEY**: This is unnecessary. I know you guys have more to do then this with an old man like me. |
| | SGT. PRUETT: You chose to take it here. I wasn't messing with you. |
| 26:00 | MEMS: Do you know what day of the week it is? |
| | **KELLEY**: It is Christmas. December 25th. My elbow hurts. |
| 28:00 | MEMS: I don't know if he is going to go to the hospital. He is alert and oriented. |
| | SGT. PRUETT: **KELLEY** where is your wife at? |
| | **KELLEY**: She is at home. Let me call her. |
| | SGT. PRUETT: Listen to me, here are your options. You can calm down and call your wife and I can write you a ticket and release you to her. |
| 28:30 | SGT. PRUETT: Or you can keep "going" and I will take you to jail. |
| | **KELLEY**: Write me a ticket for what? |
| | SGT. PRUETT: Public intoxication and resisting arrest. |

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

| **Time** | **Summary** |
|---|---|
| | **KELLEY**: I didn't resist arrest. I am in my yard. |
| 29:00 | SGT. PRUETT: Make the decision. |
| 30:00 | [SGT. PRUETT is filling out the ticket.] |
| 32:30 | DEP. ROPER: Are you bleeding? |
| | SGT. PRUETT: No. It is probably just my knees because I laid on top of him because I knew you were coming; I didn't want to fight him. I didn't want to hurt the guy but he tried to run off on me. I just held him there. |
| | DEP. ROPER: I didn't know he would. I just held his arm and started going up until he quit. He will quit once you get up there a little bit. Sometimes you have to do what you have to do. |
| 33:00 | DEP. ROPER: When we pulled up I thought you were doing pushups on the guy. |
| | SGT. PRUETT: I was just trying to not hurt him. **KELLEY** is 67 years old. |
| | DEP. ROPER: He is lucky that he didn't have it in drive. |
| | SGT, PRUETT: He won't tell me where he came from. He obviously drove from somewhere. It may be to his driveway and then he passed out. |
| 35:00 | SGT. PRUETT: Ma'am are you his wife? |
| | KAREN: Yes. |
| | SGT. PRUETT: So I pulled up here about 20 to 30 mins before I came by the first time and this van is sitting here. |
| | KAREN: He came down to get the mail. |
| | SGT. PRUETT: I came back around and he is still sitting here. |
| 35:30 | SGT. PRUETT: I got out to check since the van doesn't come back to this residence. |
| | KAREN: Oh no that is our produce van. |
| | SGT. PRUETT: I know but it doesn't come back to this address. |
| | KAREN: Hold on **KELLEY**. We were up here cooking. |

*Work Product of JLF*                    10                    CRP 07/30/2020

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

| **Time** | **Summary** |
| --- | --- |

SGT. PRUETT: Calm him down or he is about to go to jail. - I stopped to check to make sure no one was robbing you and to see what was going on. **KELLEY** had the van accelerator to the floor and he was passed out.

36:00    SGT. PRUETT: There are beer cans all in the front and cold beer in the back. He has been drinking. I explained to him that I needed to investigate further.

KAREN: He is smoking turkeys and he had run down to get the mail.

SGT. PRUETT: Do you know what time that was?

KAREN: I don't know, I've been watching TV. We have been up all night.

36:30    KAREN: It was probably 10 minutes.

SGT. PRUETT: Ok well I have this on Body Cam and he is acting like this because he is drunk. I was going to write him a ticket and let him go because it's Christmas but if he wants to continue acting like this, I will take him to jail.

MEMS: He does have something going on with his arm. I don't know what it is but he does have an injury.

37:00    KAREN: Ok. I will take him now to the hospital.

MEMS: Ok yeah he said he didn't really want to go now with me.

DEP. ROPER: We were making sure someone wasn't robing you.

KAREN: I understand but he was going to get the mail. This is what he does.

38:30    SGT. PRUETT: I have the citation here, either sign it or go to jail. All this is, is signing that you are receiving these charges. It is not an admission of guilt.

**KELLEY**: I am not signing nothing.

SGT. PRUETT: Ok you can go to jail then.

KELLEY: My arm hurts. You broke my arm. Look at that knot.

39:00    KAREN: Wait a minute. I thought you weren't going to prison.

SGT. PRUETT: He is refusing to sign.

**KELLEY**: I haven't done anything.

*State v. Raymond Kelley*
CONWAY DISTRICT COURT
CWS-20-43

| **Time** | **Summary** |
|---|---|
| | [KELLEY cusses at the officers.] |
| | **KELLEY**: Is there a pen? |
| 39:30 | SGT. PRUETT: Are you changing your mind? |
| | **KELLEY**: Take a picture of that badge. |
| | [KAREN signed the ticket.] |
| | SGR. PRUETT: That is good that you signed it but I need his signature. |
| 40:00 | **KELLEY**: I'm not trying to intimidate you. I'm letting you know what you are. |
| | **KELLEY**: Write his name down, SGT. PRUETT. I'm going to sue you. |
| 40:30 | SGT. PRUETT: Goodluck. When you go to court this body cam will be there. |
| | **KELLEY**: I know it will. I am in my yard. |
| | [**KELLEY** *signs the ticket.*] |
| 41:00 | SGT. PRUETT: If we see him drive, we will arrest him, so don't let him drive. |
| | [Audio/Video Ends] |

IN THE DISTRICT COURT OF FAULKNER COUNTY, ARKANSAS
DIVISION

STATE OF ARKANSAS                                                        PLAINTIFF

VS. NO. CWS-20-43

RAYMOND KELLEY                                                          DEFENDANT

## STATE'S MOTION FOR DISCOVERY

The State of Arkansas moves the Court for Discovery:

1) The Prosecuting Attorney should be informed of and supplied with all reports or statements of experts made in connection with this case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.

2) The Prosecuting Attorney should be informed as soon as practicable before trial of the nature of any defense which defense counsel intends to use at trial, the names and addresses of all persons defense counsel intends to call as witnesses in this case, and a short, plain statement of their expected testimony, which is reciprocal to Discovery granted the defendant, forth with.

WHEREFORE, the State requests the defense to furnish the Prosecuting Attorney the above information in accordance with Arkansas Rules of Criminal Procedure, Rules 18.2 and 18.3.

Respectfully submitted,

Cody Arnold
Prosecuting Attorney

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the above and foregoing instrument was tendered to defendant's attorney in discovery.

Cody Arnold
Prosecuting Attorney

17

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
DIVISION

STATE OF ARKANSAS                                                   PLAINTIFF

VS. NO. CW5-20-43

RAYMOND KELLEY                                                      DEFENDANT

**DISCOVERY RECEIPT**

Comes now **William James** defense attorney for the defendant herein, and acknowledges receipt of

the following, to wit:

Discovery Receipt – 1 page
States Motion for Discovery – 1 page
Incident Report – 4 pages
Incident Photos – 8 pages
Certified Record – 3 pages
Hard Copy – 1 Disc
Citation - 1 page

Please note that the included discovery is furnished as a courtesy <u>only</u> and that the office of the Prosecuting

Attorney maintains an open-file policy in compliance with discovery and defense counsel is urged to review

defendant's file in the office of the Prosecuting Attorney at any time during normal business hours.

I, Cody Arnold, hereby certify that a true and correct copy of discovery mentioned herein was delivered to
**William James** via **CERTIFIED MAIL**.

_J Cody Arnold_

Deputy Prosecuting Attorney

_____                    _____

Date                                   Defense Attorney

Please fax or email a signed copy of this discovery receipt. Thanks

Sherry.Crenshaw@faulknercounty.org
Fax: (501)548-0022

## FAULKNER COUNTY SHERIFFS OFFICE
### Incident Report
Case Number:19005355

Page 1 of 4

**INCIDENT # : 19005355**
Address: 41 FRIENDSHIP RD
City, State. Zip: CONWAY, AR. 72034-
Zone: A
Reporting Officer: 0939 - PRUETT, CHAD
Assigned Officer:

Report Date: **12/25/2019**
Report Time: **04:24 - hours**
Date Occured From: **12/25/2019 - 04:05 - hours**
Date Occured Thru: **12/25/2019 - 04:24 - hours**
Reportable: **Yes**
Assigned Date:
Exceptional Clearance:

### INCIDENT OFFENSE(S)

U.C.R.: **90E -PUBLIC INTOXICATION**    **RESIDENCE / HOME**
U.C.R.: **90C -RESISTING ARREST / THREATENS FORCE**    **RESIDENCE / HOME**

### VICTIM(S)

Victim: **SOCIETY**
| | | | | |
|---|---|---|---|---|
| Address: | | Race: | Sex: | Height: | Weight: |
| City, State. Zip: , . | | Hair: | Eyes: | | Hispanic: |
| Home Phone: | Work Phone: | Cell Phone: | | SSN: |
| Employer: | | Occupation: | | |
| Email: | | DL#: | | D.O.B. : | 0 |

### SUSPECT(S) / ARRESTEE(S) / MISSING PERSON(S)

**ARRESTEE: KELLEY, RAYMOND**    Arrest Date: **12/25/2019**  Time: **04:45 Hours**  UCR:**90C**
Home Address: 41 FRIENDSHIP RD    Arrested By: 0939 - PRUETT, CHAD
City, State.Zip: CONWAY, AR. 72032-    Apt:    Arrested At: **41 FRIENDSHIP RD**
Home Phone: (501) 269-1803    Cell Phone:    Armed With: **UNARMED**
Occupation:    Warrants Signed:
Employer:    Work Phone: ( )  -
D.O.B. : 10/03/1952 (67)    S.S.N. : 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    DL#: AR/906527531
Race: **B**    Sex:**M**    Height: **511**    Weight**175**    Hair: **BLK**    Eyes**BR**    Hispanic: **No**

| CHARGE | Court | Court Date | TIME | DOCKET | BOND | TERMS | CHARGE DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 5-71-212 | DC | 01/27/2020 | 09:00 | | .00 | | PUBLIC INTOXICATION |
| 5-54-103 | DC | 01/27/2020 | 09:00 | | .00 | | RESISTING/FAILURE TO SUBMIT TO LAW ENFORCMENT |

### COMPLAINANT(S)

Name: **FAULKNER COUNTY SO,**
| | | | | |
|---|---|---|---|---|
| Address:801 LOCUST AVE / | | Race: | Sex: | Height: | Weight: |
| City, State. ZipCONWAY, AR. 72034- | | Hair: | Eyes: | | Hispanic: **Unk** |
| Home Phone(501) 450-4914 | Work Phone: | Cell Phone: | | |
| Employer: | | Occupation: | | |
| Email: | | DL#: / | | D.O.B. : | 0 |

## OTHERS INVOLVED

Name: **FCSO ROPER, DEPUTY F 28**    How Involved:
| | | | | |
|---|---|---|---|---|
| Address: 801 LOCUST ST | | Race:W | Sex: M | Height: | Weight: |
| City, State. Zip: CONWAY, AR. 72034- | | Hair: | Eyes: | | Hispanic: |
| Home Phone: (501) 450-4914 | Work Phone: ( )  - | Cell Phone: | | |
| Employer: | | Occupation: | | |
| Email: | | DL#: / | | D.O.B. : | 0 |

Name: **KELLEY, KAREN**    How Involved:

| | |
|---|---|
| Reporting Officer: **0939 - PRUETT, CHAD** | Approving Officer: 1231 - HOLLIS, KENNETH |
| Print Date: Tuesday, January 28, 2020 10:27:21AM | *Form_IncidentReport_Rev2*   Incident Tracking#: 60997802    3385 |

# FAULKNER COUNTY SHERIFFS OFFICE
Incident Report
Case Number:19005355

Page 2 of 4

| | |
|---|---|
| Address: 41 FRIENDSHIP RD | Race:B    Sex: F    Height:506    Weight:130 |
| City, State. Zip: CONWAY, AR. 72034- | Hair:BLK    Eyes: BRO    Hispanic: |
| Home Phone: (501)  -    Work Phone:  ( )  - | Cell Phone: |
| Employer: | Occupation: |
| Email: | DL#:AR/904921372    D.O.B. : 03/25/1958    (61) |

## NARRATIVE

On 12/25/19, at approximately 4:05 a.m., I was patrolling on Friendship Road and I saw a white Ford van sitting at the end of the driveway of 41 Friendship Road with the lights on and the engine running. I continued to Gold Mine Springs Road and through Blaney Hill Road, making a loop and returning by 41 Friendship Road where the van was still sitting, running with the lights on. I got out to check on the vehicle as the tag did not return to 41 Friendship Road.

As I approached the vehicle, I could hear the engine racing and recognized that someone must have the accelerator depressed. I walked up and witnessed a black male slumped over in the driver's seat passed out. I banged on the window to get the driver's attention. After waking the driver, I noticed an open beer can in the console and could smell the odor of intoxicants coming from the inside of the vehicle.

I ran the driver's, Raymond Kelley's, information and Dispatch informed me that he had DUI traffic and a warrant out of Conway County. Mr. Kelley was insistent that he was on his own property and that he only had one beer and it was Christmas and I needed to leave him alone. I requested him to step out of the vehicle and Mr. Kelley refused. I advised Dispatch that Mr. Kelly was not following commands and requested another unit. Again, I requested Mr. Kelly step out of the vehicle. He finally stepped out and continued to be argumentative. I patted him down for weapons and had him set on a rock wall a few feet from the vehicle. At that time, I did not attempt to detain Mr. Kelley in handcuffs because I could tell from his body language, demeanor and level of intoxication that he would resist. I took a look in between the front seats of the van and noticed several more empty beer cans. At that time, Mr. Kelley stood up and wanted to call his wife. I told him to sit down and that he could not call his wife at the moment. Mr. Kelley stood up and tried to run up the driveway toward his residence. I conducted a take down of Mr. Kelly and gained control of his wrist. Mr. Kelley began to fight as I told him to stop resisting and submit. As Mr. Kelley continued to fight, my BWC was dislodged and my radio microphone became entangled. I knew I had a second unit on the way so instead of fighting with Mr. Kelly and risking possibly injuring him, I controlled his wrist and kept my body weight on top of him until Deputy Roper arrived. I relinquished control of one wrist to Deputy Roper and Mr. Kelley began to fight again. I utilized an arm bar to get his hand behind his back and applied handcuffs. Deputy Roper requested MEMS due to Mr. Kelley complaining about his arm being hurt. Once on my feet, I reattached my BWC to my uniform. I sustained minor cuts to my knees during the altercation. Mr. Kelley continued to get belligerent and argue that he was on his own property and did not have to listen to me.

MEMS arrived and began treatment of Mr. Kelley. During that time, I searched Mr. Kelley's vehicle and located multiple open containers (Coors Light beer cans) and an ice chest filled with Coors Light beer and ice. Photographs of the alcoholic beverage containers were taken and added to the Patrol Pics folder. Video of the entire incident was captured on my BWC. Mr. Kelley refused transport by MEMS. I cited him for Public Intoxication and Resisting/Failure to Submit and requested him to sign his ticket. Mr. Kelley cursed me out and said that he would not sign the ticked so I placed him back in handcuffs advising him that he could sign the ticket or go to jail. Karen Kelley was on scene at this time and was able to slightly defuse her husband enough for him to sign the ticket and be released to her care. She also took possession of the Mr. Kelley's vehicle.

PRUETT, C - F8 - 12/25/2019 7:28:03 AM

**FAULKNER COUNTY SHERIFFS OFFICE**
Incident Report
Case Number:19005355

Page 3 of 4

## CASE MANAGEMENT INFO

Reporting Officer: **0939 - PRUETT, CHAD**

Approving Officer: **1231 - HOLLIS, KENNETH**

Assigned Officer:

Clearing Officer: **0776 - BIRDSONG, MATTHEW**

Report Date: **12/25/2019**

Approving Date: **12/27/2019**

Assigned Date:

Clearing Date: **12/26/2019**

Officer Signature: _Chad Pruett_      Date: **12/27/2019** Supervisor: _____

**FAULKNER COUNTY SHERIFFS OFFICE**
Incident Report
Case Number:19005355

Page 4 of 4

Sequence No: 001
## SUPPLEMENTAL REPORT

**Reporting Officer: ROPER, TERRY (F28)**                    **Date: Wednesday, December 25, 2019**

On Wednesday, December 25, 2019 approximately 0428 hours (4:28 am) I, Deputy Terry Roper, went to assist Sergeant Pruett with a welfare check on Friendship Road. In route Sergeant Pruett stated Mr. Raymond Kelley was fighting. I arrived on scene and found Sergeant Pruett on top of Mr. Kelley approximately 15 feet west of a white van. Mr. Kelley was actively resisting, I took his right arm to gain control and applied a wrist and elbow lock (Hammer Lock) so Sergeant Pruett could apply the handcuffs. Once the handcuffs were on and double locked, I immediately had dispatch send MEMS to the scene to check on Mr. Kelley and I sat Mr. Kelley in a sitting position. I believed Mr. Kelley may have a hurt right arm from the altercation. Mr. Kelley was very angry and kept repeating he was on his own land and Sergeant Pruett could not do this to him. Once MEMS arrived, I escorted Mr. Kelley to the ambulance. Mr. Kelley refused to be transported by MEMS opting to have his wife drive him to the emergency room for treatment. Mr. Kelley was belligerent and continued to cause a situation between himself and Sergeant Pruett.
0994 - 12/25/2019 5:37:57 AM

---

| Reporting Officer: 0939 - PRUETT, CHAD | Approving Officer: 1231 - HOLLIS, KENNETH | |
|---|---|---|
| Print Date: Tuesday, January 28, 2020 10:27:21AM | *Form_IncidentReport_Rev2*  Incident Tracking#: 60997802 | *3385* |

# *James Law Firm*

**1001 La Harpe Blvd**
**Little Rock, Arkansas 72201**

William O. "Bill" James, Jr.
Michael Kaiser
Megan M. Wilson
Caitlin E. Bennett

*(501) 375-0900*
*FAX (501)375-1356*

## MISDEMEANOR DWI FEE AGREEMENT

Client Name  __Raymond Kelley__  (hereafter "CLIENT")

THIS IS AN AGREEMENT BETWEEN THE JAMES LAW FIRM (Hereafter "JLF")
AND CLIENT FOR REPRESENTATION AGAINST THE FOLLOWING CASES OR
MATTERS:

Court #1 __Faulkner Co.__     Charges     __PI__
__Refusal to Submit__
__FTA__

Court #2 _____     Charges     _____

Other _____

FEE FOR REPRESENTATION*     __$2500.00__

\*     The fees discussed in this contract are flat fees. The fees for representation on not
based on an hourly rate. CLIENT understands and agrees that the fees in this
contract are not based solely on the amount of time that it will take to handle the
case. Client understands that, in addition to the time it will take to perform the
tasks related to this defense, CLIENT is paying for the years of experience and
training that serves as the foundation of the JLF.

CLIENT understands that this minimum fee for handling this matter is non
refundable under any circumstances because JLF would not take on the
representation of the CLIENT without the guarantee of receiving at least the
minimum fee.

This minimum fee also is a recognition by the CLIENT that representation of
his/her case has certain business costs to the James Law Firm including but not
limited to conflicts with possible future clients and other matters that are unknown
at this time and the minimum fee is consideration for those possible future losses.

__RK__
CLIENT

**JLF FEE AGREEMENT**

**INITIAL PAYMENT**        $1200

**PAYMENT PLAN:**        $400    **REGULAR PAYMENTS\*\*\***

                X    **MINIMUM WEEKLY/MONTHLY**
                    **PAYMENTS**

\*\*\*    Regular payments mean that the client will make payments to JLF on a regular basis. While weekly or specific payments are not required, it is understood between the parties that the client will make payments that will reasonably lead to the full payment of fees no later than 14 days before final court date.

## EXPENSES:

The above described fees do not cover extraordinary expenses outside of basic office expenses and overhead.  Such expenses include, but are not limited to, expenses related to experts, transcripts, medical records, and investigators.

It is understood that CLIENT will not be responsible for any extraordinary expense unless they have previously approved the expenditure.  JLF has the right to incur any expenses and hire any person it feels necessary to best represent the Client, but JLF will be responsible for all related costs of those decisions unless the prior approval described above is obtained from

CLIENT:

## AGREEMENT ONLY COVERS CHARGES LISTED

CLIENT has been told and understands that this agreement only covers the specific charges listed herein and any amendment to more serious, more complicated, or additional charges will require a new agreement between the parties.

## ADDITIONAL FEE REQUIRED FOR APPEAL TO CIRCUIT COURT

CLIENT has been advised that the fees quoted in this contract do not cover fees and expenses related to the possible appeal of the decision in the district court case.  Client will be advised of appeal options at the conclusion of the case should a conviction occur.  Any further representation by JLF will require an additional contract and fee agreement.

2

**JLF FEE AGREEMENT**

## NO REPRESENTATION OR GUARANTEE OF RESULT

**CLIENT understands that no guarantee of result is made by JLF.  JLF agrees and
promises to work diligently and seek the best result possible in CLIENT'S case but cannot
and will not guarantee a result.**

**OTHER TERMS:**

_None_

I, _Raymond Kelley_, hereby agree that I will pay the James Law Firm as agreed in return for the
above described representation. I understand that if I do not pay as agreed, the James Law Firm may seek to
be relieved from representing me and I agree not to object if I have not paid as agreed.

_CBennett_
**JAMES LAW FIRM**

_Raymond Kelley_
**CLIENT or GUARANTOR**

_6/11/20_
**DATE**

3

Page 1 of 1



Thank you for choosing Conway Regional. If you
have insurance, it has been billed. You will
receive a statement after your insurance has
paid. If you don't have insurance, you are
responsible for these charges.  Please call 501-
450-2121 if you have questions.

**Responsible Party:**
KELLEY,RAYMOND
41 FRIENDSHIP ROAD
CONWAY, AR  72032

Name: KELLEY,RAYMOND

Account Number: V00027754166

Service Date: 12/25/19

Bill Date: 09/21/20

| Insurance Coverage | Insurance Policy Number |
|---|---|
| UNITED HEALTHCARE ATLANTA | 959496215 |

| Service Date | Code | Description | Quantity | Amount |
|---|---|---|---|---|
| 12/25/19 | 2500001113 | POLY/NEO/BAC PACKET | 2 | 3.18 |
| | | Neomycin/Polymyxin/Bacitracin 0.9 G | | |
| 12/25/19 | 2500003719 | TET & DIPTH I | 1 | 98.94 |
| | | Tetanus/Diphtheria Toxoids 0.5 ML V | | |
| 12/25/19 | 2500008734 | TRAMADOL 50MG T | 2 | 9.16 |
| | | traMADol HCl 50 MG TAB | | |
| 12/25/19 | 3200011267 | ELBOW MIN 3 VUE | 1 | 355.00 |
| 12/25/19 | 3200011279 | KNEE MIN 4 VUE | 1 | 306.00 |
| 12/25/19 | 4500005554 | ER LEVEL IV M-25 | 1 | 1,082.00 |
| 04/13/20 | AUHC2 | AUHC2 | 1 | -1,539.28 |
| | | ANSI835.5010 Adjustment | | |
| 04/13/20 | PUHC2 | PUHC2 | 1 | -225.00 |
| | | ANSI835.5010 Payment - Check/EFT: 1524512495 | | |
| 04/27/20 | PSPCHECK | PERSONAL CHECK PAYMENT | 1 | -100.00 |
| | | Ck# 004258 | | |
| 04/30/20 | RSP | SELF PAY Refund | 1 | 10.00 |
| | | Summary by Service | | |
| | | 025x Pharmacy | 4 | 12.34 |
| | | 032x Radiology - Diagnostic | 2 | 661.00 |
| | | 045x Emergency Room | 1 | 1,082.00 |
| | | 063x Pharmacy (Extended) | 1 | 98.94 |
| | | Payments, Adjustments, Refunds | 4 | -1,854.28 |

| | |
|---|---|
| Total Charges | 1,854.28 |
| Total Credits: | -1,854.28 |
| Total Due: | 0.00 |

Morrilton Medical Clinic, P.A.
#10 Hospital Drive
Morrilton, AR 72110
Phone 501-354-0052    Fax 501-354-9142

**KELLEY, RAYMOND  (DOB: 10/3/1952 ID: 23138)**                    **Dec 30, 2019 Mon 01:38 PM**

| | |
|---|---|
| CC | right arm pain |
| HPI | 67 y/o w/ pain in right arm and elbow associated w/ swelling, modeate severity, onset 12.25/19, injury, ED visit, negative Xrays, treated w/ Tramadol and Napxoren, not much better |
| ROS | no fever, no vomiting |
| PMH | HTN<br>hyperlipidemia |
| SH | [Tobacco: Never smoker] |
| FH | ======== Structured Family History ========<br>Patient reports their family members have no significant health history |
| Allergies | No Known Allergies |
| Meds | 1) atorvastatin 40 mg oral tablet, Take 1 tablet by mouth once daily<br>2) carvedilol 12.5 mg oral tablet, Take 1 tablet by mouth once daily |
| Vitals | Wt: 196 lb  Ht/Ln: 70.5 in  BMI: 27.7  BP: 126/76 |
| PE | Vitals reviewed and noted in chart. General: well developed, well nourished, well groomed, in NAD, HEENT: NC/AT, PERRLA, neck supple, FROM, no stiffness or adenopathy, Nose clear, , Oropharynx,: moist mucus membranes, o/w clear, TM's clear, HEART: RRR w/o MRG, LUNGS: CTA bilaterally, ABD: soft, NT/ND, no peritoneal signs, no rebound or guarding, BS+, EXTREMITIES: no C/C/E, right arns/elow swelling, limited ROM due to pain |

PRESCRIBE: predniSONE 20 mg oral tablet, 1 po bid x 5 days, # 10, RF: 0. (Transmitted by Charles Howard. MD)
set up PT for right arm, after cool down
ice, Prednisone, Depomedrol 80mg IM
Discharge to Home
f/u prn

Coded: Low Complexity > 99213

*Electronically Signed By: Charles Howard, MD*
12/30/19 1:54 PM

Printed By: Melanie Turley, INSURANCE  9/21/2020 10:17:42 AM

Amazing Charts                                                                    Page 1 of 1
The information on this page is confidential.
Any release of this information requires the written authorization of the patient listed above.