IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RAYMOND KELLEY**                                                                                   **PLAINTIFF**

v.                                           Case No. 4:22-cv-00141 KGB

**CHAD PRUETT,** *et al.*                                                                         **DEFENDANTS**

## ORDER

Before the Court is plaintiff Raymond Kelley's motion for leave to amend complaint (Dkt. No. 21). Mr. Kelley seeks leave to amend his complaint to state in specific detail what happened to him, how his constitutional rights were violated, and to clarify other claims (*Id.*, ¶ 3). Mr. Kelley represents that his proposed amended complaint advances no new claims and "is simply to provide context and clarity to the plaintiff's *pro se* complaint that was filed initially." (*Id.*, ¶ 5). Mr. Kelley further represents that defendants' counsel has no objection to the filing of the proposed amended complaint (*Id.*, ¶ 4). For good cause shown, the Court grants the motion (Dkt. No. 21).

Federal Rules of Civil Procedure 15 and 16 govern this Court's analysis. After the period for amendments to pleadings as a matter of course has passed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court should give leave freely when justice so requires, but "parties do not have an absolute right to amend their pleadings. . . ." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quotation and citation omitted). When the moving party "is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party," then the Court has the discretion to deny the motion. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994).

The Court is required to issue a scheduling order, which includes deadlines to amend the pleadings, complete discovery, and file motions.  Fed. R. Civ. P. 16(b)(1), (3)(A).  Under Rule 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent."  When a party seeks leave to amend a pleading outside the deadline established by the court's scheduling order, the party must satisfy the good-cause standard of Rule 16(b)(4) rather than the more liberal standard of Rule 15(a).  *Sherman*, 532 F.3d at 716.  The "interplay between Rule 15(a) and Rule 16(b) is settled in this circuit."  *Id.*  "If a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule."  *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing Fed. R. Civ. P. 16(b)) (emphasis added).  In these circumstances, "the application of Rule 16(b)'s good-cause standard is not optional."  *Sherman*, 532 F.3d at 716.  "To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) would render scheduling orders meaningless and effectively. . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."  *Id.* (quotation and citation omitted).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).  "The moving party fails to show good cause when there has been 'no change in the law, no newly discovered facts, or any other changed circumstance. . . after the scheduling deadline for amending pleadings.'"  *Powell v. Camping World RV Sales LLC*, No. 4:13-cv-00195 KGB, 2014 WL 5311525, at *5 (E.D. Ark. Oct. 16, 2014) (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

Mr. Kelley initiated this action without the help of a lawyer on February 14, 2022 (Dkt. No. 1).  The Court later issued a Final Scheduling Order requiring amendments to pleadings no

2

later than October 11, 2022 (Dkt. No. 13).  Mr. Kelley retained counsel in February 2023 (Dkt. No. 17), and counsel for Mr. Kelley thereafter moved to continue the trial and re-establish discovery and motion cut-off deadlines (Dkt. No. 18).  The Court granted Mr. Kelley's motion and entered an Amended Final Scheduling Order resetting all unexpired pretrial deadlines (Dkt. Nos. 19; 20).

The Court acknowledges that Mr. Kelley's motion to amend comes approximately seven months after the deadline set by the Court.  However, the motion was filed just months after counsel for Mr. Kelley entered his appearance in this case.  In addition to this changed circumstance, the Court understands that the purpose of Mr. Kelley's proposed amended complaint is to provide "context and clarity" to Mr. Kelley's *pro se* complaint (*see* Dkt. No. 21, ¶ 5).  Accordingly, the Court determines based on the record that Mr. Kelley has acted with the diligence required to satisfy Rule 16(b)'s good-cause standard.

For good cause shown, the Court grants Mr. Kelley's motion for leave to amend complaint (Dkt. No. 21).  The Court directs Mr. Kelley to file his proposed amended complaint within 21 days of entry of this Order.

It is so ordered this 28th day of September, 2023.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge